IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 12-65 Erie |
| | ) |
| DAVID L. LESONIK, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM ORDER</u>**

McLAUGHLIN, SEAN J., District Judge.

Plaintiff, the United States of America, filed the instant action against Defendant, David L. Lesonik, and others, seeking to reduce federal income tax assessments to judgment (Count I), and to foreclose the federal tax liens on his real property pursuant to 26 U.S.C. § 7403 (Count II). *See* [ECF No. 1]. Pending before the Court is the Plaintiff's Motion to Strike Defendant's jury demand with respect to Count II pursuant to Rule 39 of the Federal Rules of Civil Procedure.[1] *See* [ECF No. 11]. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402, 7403. For the following reasons, Plaintiff's Motion will be granted.

Plaintiff argues that a foreclosure claim brought under 26 U.S.C. § 7403 is an equitable proceeding to which there is no right to a jury trial. [ECF No. 12] p. 2. We agree. A foreclosure claim brought pursuant to this section "is by its nature a proceeding in equity." *United States v. Rodgers*, 461 U.S. 677, 708, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). As such, there is no right to a jury trial on the foreclosure claim. *Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961) (holding that taxpayer enjoys no right to a jury trial in an action to foreclose a federal tax lien on property); *United States v. Jones*, 158 F.R.D. 309, 313 (D.N.J. 1994) ("it is clear that no right to a jury trial exists on the foreclosure issue"); *Rosenman Colin Freund Lewis & Cohen v. Richard*, 656 F. Supp. 196, 197 (S.D.N.Y. 1987) (collecting cases and noting that "[a]ctions to enforce or foreclose on a lien have always been recognized to be equitable in nature, and the courts have uniformly held that the right to a jury trial does not exist in such actions."), *aff'd*, 850 F.2d 57

---

[1] Rule 39(a) allows a court to strike a jury demand if the court finds there is no federal right to a jury trial on that issue. Fed.R.Civ.P. 39(a)(2).

1

(2d Cir. 1988); *United States v. L.D.T. Corp.*, 302 F. Supp. 990, 991 E.D.Pa. 1969) (same); *United States v. O'Callaghan*, 2010 WL 1949556 at *1 (M.D.Fl. 2010) (striking request for jury demand in a § 7403 proceeding); *United States v. Clark*, 2007 WL 3146733 at * 4 (N.D.Cal. 2007 ) (denying defendant's request for a jury trial on the foreclosure claim).

Defendant concedes as much, but argues that because he is contesting his liability for the income tax assessments at Count I, he is entitled to a jury trial on Count II. *See* [ECF No. 16] and [ECF No. 21]. Any defense to Count I, however, is irrelevant to whether Defendant is entitled to a jury trial on the foreclosure claim at Count II.

AND NOW, this 26th day of July, 2012, and for the reasons set forth above, IT IS HEREBY ORDERED that the Plaintiff's Motion to Strike Jury Demand as to Count II [ECF No. 11] is GRANTED.

                                                        s/ Sean J. McLaughlin
                                                         United States District Judge

cm:    All parties of record