# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) Plaintiff, ) v. ) ) DAVID L. LESONIK, *et al.*, ) ) Defendants. ) ) ) | C.A. No. 12-65 Erie District Judge McLaughlin |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant David L. Lesonik's Motion to Dismiss [Dkt. No. 26] and the United States of America's Motion to Compel responses to discovery [Dkt. No. 28]. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402, 7403.

The United States filed the instant action on March 1, 2012, seeking to reduce federal income tax assessments against Defendant to judgment and foreclose on Defendant's real property pursuant to 26 U.S.C. § 7403 in order to satisfy that judgment. The only argument raised in Defendant's Motion to Dismiss is that this action must be dismissed with prejudice because the government "[does] not have a statute that makes an individual LIABLE for INCOME taxes." (Motion to Dismiss, p. 1) (emphasis in original).

1

This precise assertion, as well as countless other "frivolous tax-protester arguments," has been "uniformly and conclusively rejected by every court that has examined the issue," typically without further discussion.[1] Belmont v. Commissioner of Internal Revenue, 2007 WL 686388, *1 (U.S. Tax. Ct. 2007) (rejecting petitioner's tax-protester arguments as "frivolous and without merit"); Jibilian v. United States, 2005 WL 1491908, * (Fed. Cl. 2005) (characterizing the argument that "there is no law that makes [plaintiff] liable for income tax" as "without merit and frivolous"); see also, e.g., Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these [tax-protester] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); Upton v. I.R.S., 104 F.3d 543, 545 n. 1 (2nd Cir. 1997) (stating that the plaintiff's "tax protestor arguments" were "barely worth a footnote"); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (characterizing such arguments as "shop worn" and without merit); Robnett v. United States, 165 B.R. 272, 274 (9th Cir. 1994) (noting that tax protest issues are "completely without merit" and serve no purpose "except to clog the court's dockets, waste judicial time and cause protracted delays in worthy litigation."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (stating that constitutional tax protest issues are "completely without merit, patently frivolous and will be rejected without expending any more of this Court's resources on their discussion."); United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983) (contention that individuals have no duty to pay income taxes is "totally without arguable merit"); Maxwell v. I.R.S. 2009 WL 920533, *2 (M.D. Tenn. 2009) (argument that "no law exists which imposes an income

---

[1] We note, parenthetically, that 26 U.S.C. § 1(a) imposes an income tax upon the income of "every" United States citizen and that, pursuant to § 1(a), 26 C.F.R. § 1.1-1(b) provides that "all citizens of the United States . . . are liable to the income taxes imposed by the Code . . .".

tax" has been "routinely rejected"); Bonnaccorso v. Comm'r of Internal Revenue, 2005 WL 3241913, **1-2 (U.S. Tax. Ct. 2005) (argument that petitioner had found "no code section that made [him] liable for any income tax" had been "consistently rejected and characterized as frivolous in innumerable cases" and required no discussion).

For the same reasons, the United States' Motion to Compel Defendant to respond to discovery requests is granted. To date, Defendant has responded to each of the government's Interrogatories and Requests for Production of Documents by repeating his arguments concerning the viability of the federal income tax and refusing to participate in discovery until his Motion to Dismiss was resolved. (Motion to Compel, Exhs. A-D). That motion now having been denied, Defendant is ordered to participate in discovery forthwith by: (1) providing Initial Disclosures and (2) providing full and complete responses to the United States' First Set of Interrogatories and First Set of Requests for Production of Documents on or before November 1, 2012.[2]

---

[2] On September 17, 2012, Defendant filed a Motion for Protective Order [Dkt. No. 35] wherein he requested that the Court stay discovery pending resolution of his Motion to Dismiss. That motion having been resolved herein, Defendant's motion for protective order is denied as moot.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>DAVID L. LESONIK, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | C.A. No. 12-65 Erie<br>District Judge McLaughlin |

## ORDER

AND NOW, this 2nd day of October, 2012, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Dkt. No. 26] is DENIED. Defendant's Motion for Protective Order [Dkt. No. 35] is also DENIED. The United States' Motion to Compel [Dkt. No. 28] is GRANTED. Defendant is hereby ORDERED to (1) provide Initial Disclosures and (2) provide full and complete responses to the United States' First Set of Interrogatories and First Set of Requests for Production of Documents on or before November 1, 2012.

IT IS SO ORDERED.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___